# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONALD MAZZEI,<br>   Appellant, | DOCKET NUMBER<br>CB-7121-20-0012-V-1 |
| v. | |
| DEPARTMENT OF VETERANS<br> AFFAIRS,<br>   Agency. | DATE:  September 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ronald Mazzei</u>, Lower Burrell, Pennsylvania, pro se.

<u>Angela Madtes</u>, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a request for review of an arbitration decision that granted his grievance.  For the reasons set forth below, the appellant's request for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.155(b).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective January 10, 2017, the agency removed the appellant from his position as a Contract Specialist based on the charge of failure to follow instructions. Request for Review (RFR) File, Tab 1 at 67, 70. While the record is incomplete, it appears that the appellant challenged the action through the applicable negotiated grievance procedure; the agency denied the grievance; and the appellant's union invoked arbitration on his behalf. *Id*. at 66, 233. Following a hearing, the arbitrator issued a March 8, 2019 decision in which he granted the appellant's grievance. *Id*. at 66-81. Specifically, the arbitrator reversed the removal, imposed a 14-day suspension, and ordered the agency to reimburse the appellant for "any lost or late benefits, . . . fees incurred due to lost wages, and payments of all payroll deductions that were missed due to the termination/removal." *Id*. at 79-80.

On March 27, 2020, the appellant filed a request for review of the arbitration decision with the Office of the Clerk of the Board,[2] seeking to amend the award to include damages to compensate him for the increased tax liability caused by his receipt of the lump sum back pay award. RFR, Tab 1 at 4-12. In an acknowledgment order, the Clerk set forth the jurisdictional and timeliness requirements that the appellant must meet to obtain review. RFR, Tab 2 at 2-3. The Clerk ordered the appellant to file evidence and argument to prove that the Board has jurisdiction over the request for review, his request for review was timely, and/or there existed good cause for any delay in filing his request for review. *Id*. Citing to the Board's regulations, the Clerk notified the appellant that a request for review must contain, among other things, legible copies of the

---

[2] The appellant first filed a request for review of the arbitration decision with the Board's Northeastern Regional Office. *See Mazzei v. Department of Veterans Affairs*, MSPB Docket No. PH-3443-20-0189-I-1, Initial Decision at 1 (Mar. 27, 2020). The administrative judge dismissed the appeal for lack of jurisdiction and forwarded the appeal to the Office of the Clerk of the Board for docketing in accordance with 5 C.F.R. § 1201.55. *Id*. at 2. The Clerk's Office assigned the appeal this new case caption and docket number. RFR, Tab 2 at 1.

final grievance or arbitration decision, the agency decision to take the action, and other relevant documents, which may include a hearing transcript and/or recording of the hearing. *Id*. at 2; 5 C.F.R. § 1201.155(d)(4). The Clerk also warned the appellant that failure to comply with the requirements of the order may result in dismissal of the request for review. *Id*. at 1.

On April 13, 2020, the appellant amended his request for review, providing additional documents such as the union grievance, a list of his equal employment opportunity complaints, the transcript of the arbitration hearing, and his income tax returns. RFR, Tab 3. The appellant did not provide the agency decision notice. *Id*. On April 19, 2020, he filed an untimely supplement to his request for review.[3] RFR, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

A request for review of an arbitrator's decision is timely if filed 35 days from the issuance of the arbitration decision or, if the appellant shows that he received the decision more than 5 days after it was issued, within 30 days after the date he received the decision. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 4 (2013); 5 C.F.R. § 1201.155(b). Since the appellant does not claim that he received the arbitration decision more than 5 days after the March 8, 2019 decision was issued, he should have filed a request for review with the Board by April 12, 2019; thus, it was untimely by more than 11 months.

The appellant has the burden of proving by preponderant evidence that the request was timely filed with the Board. 5 C.F.R. § 1201.56(b)(2)(i)(B). The Board will dismiss an untimely request unless the appellant establishes good

---

[3] The deadline to file any supplements to the request for review was April 14, 2020. RFR File, Tab 2 at 3. On April 19, 2020, the appellant submitted a supplement that consisted of a case in which the Board reversed an arbitrator's decision. RFR, Tab 4 at 4-27. Because it was untimely filed, we need not consider it. Even if we were to do so, it does not compel a different result. *See, e.g., Beck v. General Services Administration*, 86 M.S.P.R. 489, 493 ¶ 8 (2000) (finding that the existence of new case law that led the appellant to believe that she was eligible to appeal an alleged involuntary resignation did not constitute good cause for the untimely filing).

cause for the delayed filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 5. To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.*; *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected the ability to timely file the request for review. *Kirkland*, 119 M.S.P.R. 74, ¶ 5; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

However, an agency's failure to notify an employee of his Board appeal rights when such notification is required generally constitutes good cause for late filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 6. Thus, when an agency provides inadequate notice of Board appeal rights, the appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights, but rather he must show diligence in filing the appeal after learning that he could. *Id.*

In his initial request for review, the appellant asserted that he was under "the assumption [he] would have 30 days to file [such a request], once the 2019 tax year ended." RFR, Tab 1 at 5. The Clerk of the Board informed the appellant that a request for review of an arbitration decision is timely if it was filed 35 days from the issuance of the decision or, if the decision was received more than 5 days after it was issued, within 30 days after the date of receipt. RFR, Tab 2 at 3. The Clerk ordered him to provide evidence and argument on the issue of timeliness and warned him that noncompliance could result in dismissal of his request for review. *Id.* at 1, 3. In his response to the Clerk's order, the appellant recognized that his request for review was untimely, but he asserted that there was good cause for his untimely filing because it was not until February or March

2020 that he realized that he would have to pay more Federal income tax on his overall income as a result of the back pay award. RFR, Tab 3 at 4-6.

Here, the filing period started when the arbitrator issued the decision or when the appellant received the decision, not when he learned of the additional tax obligation. Despite the clear instructions in the Clerk's order, the appellant provided no explanation as to why he was unable to file the request for review within 30 days of the receipt or 35 days of the issuance of the arbitration decision. Even if he did not understand the Clerk's order, he failed to identify any ambiguity in the order.

When an agency issues a "decision notice" to an employee on a matter that is appealable to the Board, it must provide him with, among other things, notice of his appeal rights, including, if applicable, any right to request Board review of an arbitration decision in accordance with 5 C.F.R. § 1201.155, and the time limits for filing a Board appeal. 5 C.F.R. § 1201.21. Because the appellant's removal was an appealable action, the agency was obliged to provide him with this information.[4] The appellant did not provide the agency's removal decision, as ordered by the Clerk, and required by the Board's regulations, and thus, we cannot determine if the required notice was provided. RFR, Tab 2 at 2; 5 C.F.R. § 1201.155(d)(4). He did not allege, and we are not aware of any information, that the agency's removal decision failed to inform him of his right to request Board review of an arbitration decision within 35 days of its issuance, as required by 5 C.F.R. §§ 1201.21(d)(3), 1201.155(b). As stated above, it was his burden to prove the timeliness of his request for review by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B).

Under these circumstances, and considering the length of the delay, the appellant has not shown that he acted with due diligence or ordinary prudence or

---

[4] The arbitration award did not include information regarding the appellant's rights to further Board review. However, the Board regulations do not impose a notification of appeal rights requirement on arbitrators in such matters. *Kirkland*, 119 M.S.P.R. 74, ¶ 8 n.3.

that there were circumstances beyond his control that affected his ability to comply with the time limit. We find, therefore, that good cause does not exist for waiving the time limit for filing the request for review.

Accordingly, we dismiss the appellant's request for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the appellant's request for review of the arbitration decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.